Slip Op. 16-101

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THYSSENKRUPP STEEL NORTH AMERICA, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>                      Defendant. | Before: Richard W. Goldberg, Senior Judge<br>Court No. 15-00072 |

**OPINION AND ORDER**

[The court grants Defendant's motion to dismiss Plaintiff's first claim for lack of subject matter jurisdiction. The court grants Defendant's motion for judgment on the pleadings with respect to Plaintiff's alternative claim.]

Dated: October 25, 2016

    *Robert L. LaFrankie*, *Matthew R. Nicely*, and *Alexandra B. Hess*, Hughes Hubbard & Reed LLP, of Washington, DC, for plaintiff.

    *Justin R. Miller*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for defendant. With him on the brief were *Benjamin C. Mizer*, Principle Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director.

    Goldberg, Senior Judge: Plaintiff, ThyssenKrupp Steel North America ("Plaintiff"), challenges United States Customs and Border Protection's ("CBP") rejection of its protests regarding CBP's refusal to reliquidate Plaintiff's entries. In the alternative, Plaintiff challenges the lawfulness of liquidation instructions issued by the United States Department of Commerce ("Commerce"). Commerce, CBP, and the United States (collectively, "Defendant") move for

dismissal of Plaintiff's first claim for lack of subject matter jurisdiction and for judgment on the pleadings with respect to Plaintiff's alternative claim. The court grants both motions.

## BACKGROUND

In 1993, Commerce published an antidumping duty order on certain corrosion-resistant steel from Germany ("CORE"). *Certain Hot-Rolled Carbon Steel Flat Products, Certain Cold-Rolled Carbon Steel Flat Products, Certain Corrosion-Resistant Carbon Steel Flat Products and Certain Cut-to-Length Carbon Steel Plate from Germany*, 58 Fed. Reg. 44,170 (Dep't Commerce Aug. 19, 1993) (amended final determ.).

On January 3, 2012, the International Trade Commission ("ITC") instituted the third sunset review of the antidumping duty order on CORE. *Corrosion-Resistant Carbon Steel Flat Products from Germany and Korea*, 77 Fed. Reg. 301 (ITC Jan. 4, 2012) (institution of five-year review).

From February 14, 2012 through July 14, 2012, Plaintiff entered eight shipments of CORE that are the subject of this action. *See* HQ H243862 and H260365 (Dec. 29, 2014) at 1, ECF No. 41-2, Ex. 7 ("Decision Letter"). Six entries arrived through the Port of Mobile, AL and two entries arrived through the Port of Philadelphia, PA. *Id.* at 1–2. At the time of entry, Plaintiff deposited estimated antidumping duties on these entries at the 10.02% rate then in effect. Compl. ¶ 19, ECF No. 5. As part of its annual review process, Commerce solicited requests for review of the CORE antidumping order. *See* 19 U.S.C. § 1675(a). Liquidation of subject entries was suspended during the review process. No interested party requested a review and, therefore, Commerce lifted the suspension of liquidation and issued liquidation instructions. Admin. Message No. 2291302 (October 17, 2012), ECF No. 41-2, Ex. 1.

Commerce's October 17, 2012 liquidation instructions directed CBP to assess antidumping duties "at the cash deposit or bonding rate in effect on the date of entry." *Id.* ¶ 2.

CBP liquidated Plaintiff's Mobile entries on November 16, 2012 and liquidated Plaintiff's Philadelphia entries on December 21, 2012. Compl. ¶ 21.

On March 11, 2013, the ITC published its final determination pursuant to the sunset review, finding that revocation of the CORE antidumping order was warranted. *Corrosion-Resistant Carbon Steel Flat Products from Germany and Korea*, 78 Fed. Reg. 15,376 (ITC Mar. 11, 2013) (final determ.).

On March 19, 2013, pursuant to the ITC's determination, Commerce revoked the CORE antidumping order. *Corrosion-Resistant Carbon Steel Flat Products from Germany and Korea*, 78 Fed. Reg. 16,832 (Dep't Commerce Mar. 19, 2013) (revocation of orders). Commerce's revocation was effective retroactively, applicable to entries back to and including February 14, 2012. *Id.*

On April 4, 2013, Commerce issued new liquidation instructions advising CBP that it had revoked the order on CORE. Admin. Message No. 3094301 (April 4, 2013), ECF No. 41-2, Ex. 2. Commerce's instructions directed CBP to liquidate all relevant "unliquidated entries . . . . without regard to antidumping duties." *Id.* ¶¶ 2, 3.

On April 16, 2013, Plaintiff filed protests with the Port of Mobile. ECF No. 41-2, Ex. 4 ("Port of Mobile Protests"). Plaintiff argued that the liquidation of its entries was not "final" as Plaintiff had filed valid protests, that its entries therefore remained "unliquidated" within the meaning of the new liquidation instructions, and that CBP should now reliquidate those entries without antidumping duties. *Id.* at Attachment. The Port of Mobile forwarded the protests to CBP Headquarters ("HQ") for further review. *See* Decision Letter 3.

On May 2, 2013, Plaintiff filed a similar protest with the Port of Philadelphia. ECF No. 41-2, Ex. 6 ("Port of Philadelphia Protest"). On June 4, 2013, the Port of Philadelphia denied the

protest and Plaintiff's application for further review. *See* Decision Letter 3. In its denial, the Port of Philadelphia stated that Commerce's instructions applied only to "unliquidated entries," which it interpreted to exclude Plaintiff's previously-liquidated entries. Port of Philadelphia Protest at item 18.

On August 1, 2013, Plaintiff requested that CBP HQ set aside the Port of Philadelphia's denial of further review of Plaintiff's protest. *See* Decision Letter 3. On August 29, 2013, CBP HQ granted Plaintiff's request for further review and voided the Port of Philadelphia's actions so that CBP HQ could review the Mobile and Philadelphia protests together. *See id.*

On December 29, 2014, CBP HQ issued its Decision Letter, ruling that no protestable issues existed because CBP had properly interpreted the term "unliquidated" in Commerce's April 4, 2013 instructions to exclude Plaintiff's entries. The ports of Mobile and Philadelphia thereafter rejected Plaintiff's protests in accordance with CBP HQ's decision. Compl. ¶¶ 32–33.

On March 19, 2015, Plaintiff brought a claim under 28 U.S.C. § 1581(a) to challenge CBP's decisions. Summons and Compl., ECF Nos. 1, 5. Plaintiff also filed an alternative claim under 28 U.S.C. § 1581(i) challenging Commerce's April 4, 2013 liquidation instructions as contrary to law. Compl. ¶ 2.

Defendant now moves to dismiss, under USCIT R. 12(b)(1), Plaintiff's claim against CBP for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction under 28 U.S.C. § 1581(a), or in the Alternative, Mot. for J. on the Pleadings, ECF No. 32 ("MTD"). Defendant argues that CBP's actions with respect to Plaintiff were not protestable, such that this court lacks jurisdiction under § 1581(a). Def.'s Mem. in Support of its MTD at 7, ECF No. 32 ("MTD Memo"). Because the court agrees, and for additional reasons stated below, the court grants Defendant's motion. Defendant also moves, pursuant to USCIT R.

12(c), for judgment on the pleadings with respect to Plaintiff's alternative claim. MTD. The court finds that Defendant is entitled to judgment as a matter of law and grants Defendant's motion for judgment on the pleadings.

## STANDARD OF REVIEW

"Once jurisdiction is challenged, the plaintiff bears the burden of proving that the court's jurisdiction is invoked properly." *Pentax Corp. v. Robison*, 125 F.3d 1457, 1462 (Fed. Cir. 1997). In considering this USCIT R. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court assumes that well-pleaded factual allegations are true. *See Cisco Sys., Inc. v. United States*, 35 CIT __, __, 804 F. Supp. 2d 1326, 1330 (2011).

Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *See New Zealand Lamb Co. v. United States*, 40 F.3d 377, 380 (Fed. Cir. 1994). "A ruling on a motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under USCIT R. 12(b) for failure to state a claim" and the court "must accept all well-pleaded facts as true." *Forest Labs., Inc. v. United States*, 29 CIT 1401, 1402–03, 403 F. Supp. 2d 1348, 1349 (2005), *aff'd*, 476 F.3d 877 (Fed. Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Macclenny Prod. v. United States*, 38 CIT __, __, 963 F. Supp. 2d 1348, 1357 n.16 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## DISCUSSION

**I.      Plaintiff Has Failed to Establish § 1581(a) Jurisdiction.**

An importer can only protest "decisions" by CBP that concern one or more of seven events listed in 19 U.S.C. § 1514(a). Consequently, a protest is invalid if the challenged action does not fit within § 1514(a) or if the challenged action cannot be characterized as a "decision"

of CBP. *See Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973 (Fed. Cir. 1994) (finding that § 1581(a) jurisdiction was inappropriate because plaintiff's claim did not concern a protestable decision by CBP). A protest must also be filed "within 180 days after but not before [the] date of liquidation or reliquidation," or "the date of the decision as to which protest is made." 19 U.S.C. § 1514(c)(3). This court has "exclusive jurisdiction of any civil action commenced to contest the denial of a protest." 28 U.S.C. § 1581(a).

Because Plaintiff has alleged jurisdiction under § 1581(a), the court must determine whether Plaintiff timely protested a protestable CBP decision and whether CBP subsequently denied that protest. The court finds that Plaintiff has established none of these requisite jurisdictional facts.

First, with respect to CBP's refusal to reliquidate Plaintiff's entries, Plaintiff's protests were untimely. 19 U.S.C. § 1514(c)(3) (requiring that protests occur "within 180 days after *but not before* . . . the date of liquidation or reliquidation, or . . . the date of the decision as to which protest is made." (emphasis added)). Plaintiff's protests, filed on April 16, 2013 and May 2, 2013, challenged CBP's alleged failure to apply Commerce's April 4, 2013 instructions to Plaintiff's entries. Compl. ¶¶ 27–28. But CBP had six months to apply those instructions before subject entries would be considered liquidated by operation of law. 19 U.S.C. § 1504(d). Therefore, when Plaintiff filed its protests, it could not know whether or not CBP interpreted the liquidation instructions to encompass Plaintiff's entries. Nor was there a decision for CBP to make before Plaintiff filed its protests, since the protests themselves are the basis for the claim that CBP erred. *See, e.g.*, Port of Mobile Protests, Attachment at 6 (protesting that "these entries remain 'unliquidated'" because they are "subject to proper and timely protests"). These anticipatory protests violated § 1514(c)(3) and are invalid. *See Canadian Reynolds Metals Co. v.*

*United States*, 28 CIT 2053, 2058, 350 F. Supp. 2d 1302, 1307 (2004) (explaining that a protest is "untimely and invalid" unless "[t]he decision the protesting party objects to . . . occur[s] prior to the filing of the protest.").

Second, and consequently, Plaintiff's protests can be considered timely only with respect to the November 16 and December 21, 2012 liquidations of its entries. However, while timely, such protests are also invalid because they did not concern a protestable decision by CBP. Plaintiff's own admissions make this conclusion plain. As of November 16 and December 21, 2012, Plaintiff's entries were subject to an antidumping duty order. Compl. ¶¶ 19–20. Commerce lifted suspension of liquidation and instructed CBP to liquidate relevant entries "at the cash deposit or bonding rate in effect on the date of entry," 10.02%. *Id.* CBP then correctly applied those instructions to Plaintiff's entries. *See id.* ¶ 21. When CBP "merely follows Commerce's instructions in assessing and collecting duties" it does not make a protestable decision under 19 U.S.C. § 1514(a). *Mitsubishi*, 44 F.3d at 977 (Fed. Cir. 1994).

Finally, assuming that Plaintiff's protests suffered from none of the foregoing maladies, Plaintiff would still need to prove that CBP *denied* its protests because jurisdiction pursuant to § 1581(a) must be predicated on the "denial of a protest." 28 U.S.C. § 1581(a); *see Zojirushi Am. Corp. v. United States*, Slip Op. 16-78, 2016 WL 4146418, at *9–10 (CIT Aug. 4, 2016). The protest form, CBP Form 19, allows CBP to indicate that an importer's protest has been "Approved," "Rejected as non-protestable," "Denied in full," or "Denied in part." *See* Port of Philadelphia Protest at item 18. An importer can seek an accelerated disposition of a protest and if the protest "has not been allowed or denied in whole or in part within thirty days" following a request for accelerated disposition, it is "deemed denied." 19 U.S.C. § 1515(b). Despite representing to the court on numerous occasions that CBP "denied" its protests, *see, e.g.,* Compl.

Court No. 15-00072                                                                                                          Page 8

¶¶ 32, 33, 36, CBP in fact "rejected" Plaintiff's challenges "as non-protestable," *see* Port of Mobile Protests at item 18.  Plaintiff does not allege that its "rejected" protests were later denied or deemed denied.  In fact, Plaintiff successfully petitioned to have set aside the only protest denial it received.  Decision Letter 3.  Without a denial of Plaintiff's protests, this court has no jurisdiction under § 1581(a).

For these reasons, the court grants Defendant's motion to dismiss Plaintiff's first claim for lack of subject matter jurisdiction.

### II.     Plaintiff's Alternative Claim Fails as a Matter of Law.

Defendant also moves for judgment on the pleadings pursuant to USCIT R. 12(c) with respect to Plaintiff's claim that Commerce's April 4, 2013 liquidation instructions were "contrary to law as written and enforced," in violation of the Administrative Procedure Act ("APA").  Compl. ¶ 40.[1]  As a threshold matter, the court has jurisdiction to hear Plaintiff's alternative claim under 28 U.S.C. § 1581(i).  *Carbon Activated Corp. v. United States*, 791 F.3d 1312, 1317 (Fed. Cir. 2015) (a party bringing a challenge to "Commerce's erroneous instructions to Customs . . . c[an] invoke § 1581(i) jurisdiction.").  For the following reasons, the court grants Defendant's motion for judgment on the pleadings.

Commerce's April 4, 2013 liquidation instructions to CBP directed that "all *unliquidated* entries of CORE from Germany entered, or withdrawn from warehouse, for consumption on or after 02/14/2012 should be liquidated without regard to antidumping duties."  Admin. Message No. 3094301 ¶ 3 (emphasis added).  These instructions were in accordance with the statutory provision regarding the revocation of an antidumping duty order.  19 U.S.C. § 1675(d)(3)

---

[1]     Pursuant to the APA, this court shall "hold unlawful and set aside agency action" found to be arbitrary, in excess of statutory authority, or otherwise not in accordance with law, among other reasons.  5 U.S.C. § 706(2)(A)-(F).

(stating that a "determination to revoke an order . . . shall apply with respect to unliquidated entries"). Citing no relevant authorities, Plaintiff insists that because it filed protests, "the liquidation process was not yet final, and the entries remained 'unliquidated' within the meaning of the law and within the scope of Commerce's liquidation instructions." Compl. ¶ 37.[2]

In rejecting Plaintiff's protests, CBP determined that "unliquidated" and "a liquidation that has occurred but is not final" because of a pending protest are "different legal concepts." Decision Letter 4. The court agrees. Indeed, Plaintiff's claim is premised on the unfounded conflation of distinct provisions. It is true that liquidation is the "final" computation of duties on an entry. 19 C.F.R. § 159.1. At the time of entry, an importer makes a provisional deposit at the estimated antidumping duty rate, 19 U.S.C. § 1505(a), and then has the opportunity to request a review of the applicable order and rate, 19 U.S.C. § 1675(a)(1). Liquidation is the *final* computation of duties in that it follows the provisional deposit and any subsequent adjustments to the applicable rate and is meant to establish the ultimate sum owed by the importer. By contrast, it is certain "*decisions of the Customs Service*" which are not "final and conclusive" when timely and validly protested. 19 U.S.C. § 1514(a) (emphasis added). The fact that a valid and meritorious protest concerning a decision of CBP can lead to a modification of the "final" computation of duties does not mean that no "final" computation of duties has taken place.

Plaintiff merges the two concepts to arrive at its claim that its entries were "unliquidated" within the meaning of Commerce's April 4, 2013 instructions. *See* Compl. ¶ 41. The term "unliquidated" logically extends to those entries for which there has been no final computation of duties, i.e., no liquidation. However, Plaintiff's claim that the term "unliquidated" also extends

---

[2] Plaintiff argues that *Koyo Corp. v. United States*, 497 F.3d 1231 (Fed. Cir. 2007) and CBP ruling HQ H030656 support its position. *See* Port of Mobile Protests, Attachment at 8. However, neither decision concerned instructions directing liquidation of "unliquidated" entries.

to its previously-liquidated entries rests on Plaintiff's legal conclusion that it is so. The court gives such legal conclusions no weight. Instead, for reasons discussed below, the court holds that the term "unliquidated," as used in Commerce's April 4, 2013 instructions, excludes Plaintiff's entries.

Commerce's instructions were issued in light of the revocation of the applicable antidumping duty order following a five-year "sunset" review by the ITC. Admin. Message No. 3094301 ¶ 1. "The focus in such 'sunset' reviews is entirely prospective, with the key inquiry being whether termination of suspended investigations 'would be likely to lead' to the dumping of foreign imports into a particular market in the future." *Comm. for Fairly Traded Venezuelan Cement v. United States*, 372 F.3d 1284, 1286 (Fed. Cir. 2004) (citing 19 U.S.C. § 1675(c)(1)(C)). Even though the effective date of the revocation was retroactive, interpreting the term "unliquidated" to mean "not previously-liquidated" ensures that the effect of the sunset review "is entirely prospective," in that it applies only to future liquidations. *See Canadian Wheat Bd. v. United States*, 641 F.3d 1344, 1350 (Fed. Cir. 2011) (explaining that liquidating "unliquidated entries" is a "prospective action[]"). Accordingly, reading Commerce's instructions to exclude Plaintiff's entries comports with the purpose of the sunset review, since those entries were previously liquidated in accordance with the order then in effect.

Commerce's April 4, 2013 instructions, therefore, are not only in strict accordance with the wording of 19 U.S.C. § 1675(d)(3), but also appear to be in accordance with the purpose of the statutory scheme and with the court's understanding of the term "unliquidated" as meaning "not previously-liquidated." *See, e.g., Canadian Wheat Bd.*, 641 F.3d at 1350 (contrasting directions to liquidate "unliquidated entries" with directions to "invalidate antidumping duties that had already been liquidated"); *Timken Co. v. United States*, 21 CIT 889, 891, 972 F. Supp.

702, 703 (1997), *aff'd sub nom. Koyo Seiko Co. v. United States*, 155 F.3d 574 (Fed. Cir. 1998) (contrasting "previously-liquidated" entries with "unliquidated entries"). Moreover, Plaintiff cites no authority supporting its interpretation of the term "unliquidated" and has failed to place any material facts in dispute. The court, therefore, finds that Defendant is entitled to judgment as a matter of law.[3]

## CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss Plaintiff's first claim for lack of subject matter jurisdiction is granted and Defendant's motion for judgment on the pleadings with respect to Plaintiff's alternative claim is granted.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

Dated:  October 25, 2016
New York, New York

---

[3]   Even if Plaintiff were correct that entries remain "unliquidated" when "subjected to valid protests," Plaintiff's claim fails on its own terms. *See* Compl. ¶ 41. The court has already held that Plaintiff's protests were untimely and that the November 16 and December 21, 2012 liquidations involved no protestable CBP decisions. *See supra* Part I. The court cannot now find that those same liquidations were non-final (and Plaintiff's entries "unliquidated") by virtue of Plaintiff's invalid protests.